JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John L. Wenger

## DEFENDANTS

Paradise Custom Kitchens, Inc., Ruth Doutrich, Tim Doutrich and Charles Roth

**(b)** County of Residence of First Listed Plaintiff    Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard L. Hackman, Esquire, Saxton & Stump, LLC
280 Granite Run Drive, Ste. 300, Lancaster, PA 17601
(717) 556-1006

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [x] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 2601; 29 U.S.C. 201; 43 P.S. 333.101; 43 Pa. C.S. 260.1; unjust enrichment
Brief description of cause:
FMLA, FLSA, state wage claims, and unjust enrichment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ *excess of $75,000*

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
7/14/2021

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Manheim, PA _____

Address of Defendant: _____ 333 Lincoln Highway East, Paradise, PA 17562 _____

Place of Accident, Incident or Transaction: _____ 333 Lincoln Highway East, Paradise, PA 17562 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/14/2021 _____ _____Must sign here_____ _____ 81755 _____
                              *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
       *(Please specify):* _____Fair Labor Standards Act_____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Richard L. Hackman _____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 07/14/2021 _____ _____Sign here if applicable_____ _____ 81755 _____
                              *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN L. WENGER,**<br>                    Plaintiff, | |
| v. | Civil Action No. _____ |
| **PARADISE CUSTOM KITCHENS, INC.**<br>**RUTH DOUTRICH**<br>**TIM DOUTRICH**<br>**CHARLES ROTH**<br>                    Defendants | Electronically Filed |

## COMPLAINT

Plaintiff John L. Wenger, by and through his undersigned counsel, hereby files the following Complaint against Paradise Custom Kitchens, Inc., Ruth Doutrich, Tim Doutrich, and Charles Roth, and avers as follows:

### INTRODUCTION

1.     Plaintiff initiates this action contending Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., the Pennsylvania Minimum Wage Act, 43 P.S. §§333.101, *et seq*., the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S. §260.1, *et seq*., and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"), as amended by the Families First Coronavirus Response Act ("FFCRA").

2.     In this action, Plaintiff seeks to recover unpaid wages, statutory liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs against Defendants, jointly and individually, pursuant to both Federal and Pennsylvania law.

## PARTIES

3.     Plaintiff John L. Wenger ("Plaintiff") is a citizen of the United States and Pennsylvania and currently resides in Manheim, Pennsylvania.

4.     Plaintiff was employed by Defendant PCK since approximately May 1991.

5.     Defendant PCK terminated Plaintiff's employment in March 2021.

6.     Defendant Paradise Custom Kitchens, Inc. ("Defendant PCK") is a Pennsylvania corporation with a principal place of business at 3333 Lincoln Highway East, Paradise, PA 17562.

7.     Defendant PCK is corporation of the Commonwealth of Pennsylvania and regularly conducts business in the Commonwealth of Pennsylvania.

8.     During the time period relevant to this action, Defendant PCK operated as an enterprise engaged in interstate commerce under the FLSA and had annual gross volume of sales more than $500,000.00.

9.     Defendant PCK employs less than 500 employees.

10.     Defendant Ruth Doutrich is a citizen of the United States and Pennsylvania, and, at all times relevant to this action, Defendant PCK's President and a PCK shareholder.  Defendant Ruth Doutrich maintains a business address of 3333 Lincoln Highway East, Paradise, PA 17562 and a personal address of 2207 Porter Way, Lancaster, PA 17601.

11.     At all times relevant to this action, Defendant Ruth Doutrich was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

12.     Defendant Tim Doutrich is a citizen of the United States and Pennsylvania, and, at all times relevant to this action, Defendant PCK's Secretary and a PCK shareholder.  Defendant Tim Doutrich maintains a business address of 3333 Lincoln Highway East, Paradise, PA 17562 and a personal address of 911 Timber Line Drive, Gap PA 17527.

13.     At all times relevant to this action, Defendant Tim Doutrich was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

14.     Defendant Charles Roth ("Defendant Roth") is a citizen of the United States and Pennsylvania, and, at all times relevant to this action, a Director of Defendant PCK, as well as its accountant.  Defendant Roth maintains a business

3

address of 3333 Lincoln Highway East, Paradise, PA 17562 and a personal mailing address of P.O. Box 255, Newtown Square, PA 19073.

15.    At all times relevant to this action, Defendant Roth was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

16.    At all times relevant to this action, the above-named defendants qualified as Plaintiff's employers as defined by the FMLA, as amended by the FFCRA, the FLSA and Pennsylvania law.

17.    At all times relevant to this action, the above-named defendants had the power and authority to set and determine Plaintiff's rate of pay and method of compensation.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. 2601, *et seq*.

19.    This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as Plaintiff's federal claims.

20.    The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant PCK maintains a business location within this judicial district, is currently doing business therein, all defendants reside in this judicial

district, and the events giving rise to these claims took place within this judicial district.

### FACTUAL ALLEGATIONS RELATED TO VIOLATION OF THE FMLA

21.    On or about June 3, 2020, Plaintiff informed Suzanne Babetski, Defendant PCK's Human Resources person, that his wife had tested positive for COVID-19 and that Plaintiff was required to quarantine until he could be tested and cleared by his doctor.

22.    On or about June 5, 2020, Plaintiff was cleared by his doctor and approved to return to work.

23.    On or about June 5, 2020, Defendant Tim Doutrich informed Plaintiff that, because of the risk of COVID-19, Plaintiff was not permitted to return to work and forced Plaintiff to take a two week leave without pay.

24.    On or about June 5, 2020, Randy Doan ("Doan"), Defendant's Project Manager, called Plaintiff and threatened him, stating that if he [Doan] contracted COVID-19 from Plaintiff, he would "shoot [Plaintiff's] dick off."

25.    On or about June 8, 2020, Defendant received a telephone call from his physician's office informing him there had been a breach in his medical records after Defendant Tim Doutrich contacted Plaintiff's doctor demanding information about Plaintiff's medical history and questioned Plaintiff's ability to return to work.

26.   On or about June 8, 2020, Plaintiff was informed that Doan had contacted several of Plaintiff's customers and shared Plaintiff's personal medical information with them.

27.   Doan is an employee and agent of Defendant PCK.

28.   On or about June 8, 2020, and on multiple times thereafter, Plaintiff complained to Defendant PCK's Board of Directors of Defendant Tim Doutrich's and Doan's threat and disclosure of his personal medical information.

29.   Plaintiff informed PCK's Board of Directors that he did not feel safe working with Doan at PCK.

30.   Defendant PCK took no action in response to Plaintiff's complaint.

31.   Pursuant to Defendant PCK's handbook, Defendant PCK was required to conduct an internal investigation of Plaintiff's complaint.

32.   Upon his return from his forced quarantine, Plaintiff emailed Ms. Babetski requesting he be paid for the two weeks he was forced to quarantine.

33.   Plaintiff received no response to his email to Ms. Babetski requesting he paid for his time off.

34.   Plaintiff was not paid for his forced two-week leave.

35.   Defendant PCK, through its agents Defendant Tim Doutrich and Doan, retaliated against Plaintiff by contacting his physician demanding personal medical information and threatening Plaintiff.

36.    Following his return to work, Defendant PCK, through its agents and employees, waged a campaign of harassment against Plaintiff based on his exercising his federally protected rights under the FMLA, as amended by the FFCRA.

## FACTUAL ALLEGATIONS RELATED TO VIOLATION OF THE FLSA AND PENNSYLVANIA WAGE LAW

37.    Plaintiff was employed full-time by Defendant PCK in a sales capacity.

38.    Plaintiff worked an average of 60-70 hours per week.

39.    At all times, Defendant PCK had actual knowledge of all hours worked by Plaintiff.

40.    As a salesperson, Plaintiff's primary duty was making sales, designing kitchens, and/or obtaining orders or contracts for PCK's services.

41.    In performance of his duties, Plaintiff spent more than 50% of his time working from Defendant PCK's place of business.

42.    Plaintiff was not customarily and regularly engaged away from Defendant PCK's place of business.

43.    Plaintiff's job duties were not directly related to the management or general business operations of Defendant PCK.

44.    Plaintiff did not exercise discretion and independent judgement with respect to matters of significance.

45.     Based on his job duties, Plaintiff was entitled to receive overtime pay pursuant to the FLSA.

46.     Defendant PCK failed to pay Plaintiff the overtime pay due him.

47.     Plaintiff was not compensated on a salary basis of at least $684.00 per week.

48.     Defendant PCK paid Plaintiff on a draw and commission basis.

49.     Plaintiff's weekly draw was $250.00.

50.     Upon information and belief, Defendant PCK used a monthly basis as the representative period to calculate Plaintiff's commissions owed.

51.     Plaintiff's weekly draw amount would be deducted from any commission paid for a particular month.

52.     Plaintiff and Defendant PCK did not have a written commission agreement.

53.     In late 2020 and in early 2021, Plaintiff complained to Defendant PCK about the reductions in the amount of commissions he was being paid.

54.     On or about December 9, 2020, Plaintiff was informed by Suzanne Babetski, PCK's accounts payable person, that payments to his client D&B Woodworking were put on hold based on directives from PCK management, despite the fact PCK owed D&B a large amount of money.

55.    Defendant PCK's actions placed Plaintiff's sales relationship with D&B in jeopardy and made it extremely difficult for Plaintiff to conduct business and affected his receipt of commission payments.

56.    Defendant PCK's actions had a direct and detrimental effect on Plaintiff's compensation, inasmuch as he was a commissioned employee.

57.    Defendant PCK has never previously taken such actions with respect to Plaintiff's clients as described above.

58.    Defendant PCK's actions in freezing payments to D&B Woodworking were related to his wage complaints.

59.    Defendant PCK's actions were designed to affect the terms and conditions of Plaintiff's employment in an attempt to force Plaintiff to quit.

60.    Defendant PCK's actions in freezing payment to D&B Woodworking were endorsed and encouraged by the individual Defendants.

61.    In December 2020, Defendant PCK, through its authorized agent Defendant Roth, gave Plaintiff a document titled "Paradise Custom Kitchens, Inc. Policies Adopted Effective January 1, 2021."

62.    The aforementioned policy was specifically directed and applied to Plaintiff alone and not to Defendant PCK's other employees.

63.    The aforementioned policy states specifically "the following policies apply only to jobs related to John L. Wenger."

64.    The aforementioned policy, directed solely to Plaintiff, was issued in part as a response to Plaintiff's wage complaints.

65.    Plaintiff was employed by Defendant PCK for approximately 30 years and never previously has any similar document been created or forced upon another employee of Defendant PCK.

66.    Defendant Roth informed Plaintiff that if he did not sign and adhere to the document, he would be written up and terminated.

67.    Defendant Roth's and Defendant PCK's actions were designed to affect the terms and conditions of employment in an attempt to force Plaintiff to quit.

68.    Defendant Roth's actions and statements as outlined above were endorsed and encouraged by all Defendants.

69.    In late 2020 or early 2021, Defendant Tim Doutrich and Dan Beane, Defendant PCK's Operations Manager, threatened to sue Plaintiff's subcontractor, Pennsylvania Plint Mill Shop ("the Mill Shop"), if they continued to work with Plaintiff.

70.    Defendant Tim Doutrich's and Beane's threats against Plaintiff's sub-contractor were designed to reduce Plaintiff's compensation and encourage Plaintiff's customers to do business with other PCK employees.

71.    Defendant PCK's actions and statements threatening to sue the Mill Shop were endorsed and encouraged by the individual Defendants.

72.     Defendants' actions threatening to sue the Mill Shop were designed to affect the terms and conditions of Plaintiff's employment in an attempt to force Plaintiff to quit.

73.     On January 30, 2021, Plaintiff sent an email to Defendants Roth, McCullough and Tim Doutrich expressing his concern over the actions Defendants were taking in reducing his compensation.

74.     Plaintiff was not provided a response to his January 30, 2021 email.

75.     On February 1, 2021, Plaintiff received an email from Defendant Roth, copying Defendants Ruth Doutrich, and Tim Doutrich advising Plaintiff that he owed PCK for overpaid commissions from January 2018 through May 31, 2020 (8 months prior) in the amount of $14,011.66 that were allegedly paid to him in error.

76.     Defendant PCK informed Plaintiff the amounts would be deducted from current and future commission payments to him.

77.     Plaintiff did not authorize these deductions or agree with Defendant PCK's assertion as to owed commissions.

78.     As a result of PCK withholding his commission, Plaintiff was paid a total of $1,000.00 for the month of February despite that he worked approximately 240 hours.

79.     Defendants' actions and statements were endorsed and encouraged by the individual Defendants.

11

80.    Defendants' actions were designed to affect the terms and conditions of Plaintiff's employment in an attempt to force Plaintiff to quit.

81.    Plaintiff was paid de minimis commissions in January, February, and March 2021, less than to which he was entitled based on the amount of work performed by him, the projects sold by him, and the projects substantially completed.

82.    On at least four occasions, Plaintiff requested a detailed itemization of the commissions to which he was entitled based on the jobs completed.

83.    Finally, over a month after his initial request, Defendant PCK provided him only a generalized statement regarding commissions to which he may be entitled.

84.    At the time of his termination, numerous projects which he sold had been substantially completed, and/or in the process of completion.

85.    Plaintiff invested thousands of hours selling and servicing these projects over the course of approximately the prior 18 months yet has not been fully paid for the work performed by him.

86.    The work performed by Plaintiff in selling and servicing these accounts and compensation due constitutes earned wages of Plaintiff.

87.    Plaintiff has been paid no commissions for April and May 2021.

12

88.    In January 2021, Defendant PCK, by and through the individual Defendants, began assigning some of Plaintiff's duties to other PCK employees in an effort to reduce Plaintiff's compensation and force him to quit.

89.    Specifically, Defendant PCK, by and through the individual Defendants began a letter writing campaign to Plaintiff's clients advising them that he no longer had the authority to sign purchase orders.

90.    In Plaintiff's 30 years of prior employment with Defendant PCK, he always had the authority to sign purchase orders.

91.    Defendant PCK's actions and statements related to its directive that Plaintiff was no longer entitled to sign purchase orders were endorsed and encouraged by the individual Defendants.

92.    Defendant PCK's actions in terminating his ability to sign purchase orders was related to Plaintiff's wage complaints.

93.    Defendant PCK's actions in terminating his ability to sign purchase orders were designed to affect the terms and conditions of Plaintiff's employment in an attempt to force Plaintiff to quit.

94.    In January 2021, Defendant Roth threatened to call the "State" to have Plaintiff audited.

95.    Defendant Roth's actions and statements were endorsed and encouraged by the individual Defendants.

13

96.    Defendant Roth's actions in threatening an audit were in part in retaliation for Plaintiff's wage complaints.

97.    Defendant Roth's actions were designed to affect the terms and conditions of Plaintiff's employment in an attempt to force Plaintiff to quit.

98.    On or about January 12, 2021, Defendant Roth sent Plaintiff an email accusing him of failing to bill a specific job and accusing him of sales tax fraud.

99.    The allegations as presented by Defendant Roth were false and designed to harass and intimidate Plaintiff in an effort to force him to quit.

100.   Defendant Roth's actions and statements were endorsed and encouraged by the individual Defendants.

101.   Defendant Roth's actions were designed to affect the terms and conditions of Plaintiff's employment in an attempt to force Plaintiff to quit.

102.   On January 19, 2021, Plaintiff received a verbal warning (in writing) alleging he violated the recently adopted policy specifically targeted towards him by signing a purchase order.

103.   In his 30 years of employment, Plaintiff never previously received a disciplinary warning.

104.   Defendant's verbal warning was based on a retaliatory policy and was manufactured in an attempt to force Plaintiff to quit.

105.   Defendants' actions and statements were endorsed and encouraged by the individual Defendants.

106.   Defendants' actions were designed to affect the terms and conditions of Plaintiff's employment in an attempt to force Plaintiff to quit.

107.   Considering the daily changes to Plaintiff's job duties, on January 21, 2021, Plaintiff requested a written job description from Defendant PCK and the individual Defendants.

108.   Despite multiple requests, Defendant PCK never provided Plaintiff with a written job description.

109.   In early March 2021, Plaintiff contacted the Pennsylvania Department of Labor and Industry ("L&I") to lodge a complaint related to his unpaid wages.

110.   On or about March 12, 2021, Plaintiff gave Ms. Babetski a note from L&I and told the L&I investigator would be contacting Defendant PCK to discuss the matter.

111.   Upon information and belief, Ms. Babetski provided the note from L&I to Defendant Tim Doutrich.

112.   On or about March 17, 2021, Plaintiff received a telephone call from the L&I investigator during which he informed Plaintiff that he was able to reach Defendant Tim Doutrich and was in the process of setting up a meeting with him to discuss Plaintiff's unpaid wages.

113.   On March 20, 2021, i.e. 3 days after the L&I investigator's contact with Defendant Tim Doutrich, Plaintiff's employment was terminated.

114.   On March 20, 2021, four individuals entered Plaintiff's office to terminated him, including a recently hired security guard.

115.   Defendant Doan, who had previously threatened Plaintiff, also was present at Plaintiff's termination.

116.   During the termination meeting, despite Plaintiff's request not to do so, Defendant Doan video and audio recorded the termination meeting.

117.   Defendant Doan had never previously been involved in any employee termination meeting and his presence was solely for the purpose of harassing and intimidating Plaintiff.

118.   Plaintiff's termination constituted an adverse employment action.

119.   Defendants' actions in terminating Plaintiff were endorsed and encouraged by the individual Defendants.

120.   All actions taken by Defendants against Plaintiff for alleged disciplinary reasons were phony, manufactured and pretext for his termination.

121.   Plaintiff alleges Defendants retaliated against him with respect to the terms and conditions of his employment.

### COUNT I—DEFENDANT PCK
### VIOLATION OF THE FMLA—29 U.S.C. § 2601 *ET SEQ.*
### AS AMENDED BY THE FFFCRA
(FORCED LEAVE WITHOUT PAY)

16

122.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

123.   Defendant PCK employs less than 500 individuals.

124.   As a result of his wife's diagnosis of COVID-19, Defendant PCK forced Plaintiff to take two weeks unpaid leave.

125.   Pursuant to the FFCRA, Plaintiff was entitled to be paid for the two weeks Defendant PCK required him to stay home.

126.   Defendant PCK's actions in forcing Plaintiff to take leave and failing to pay him for the leave violated the Families First Coronavirus Response Act.

**WHEREFORE**, Defendant PCK is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II—DEFENDANT TIM DOUTRICH
### VIOLATION OF FMLA—29 U.S.C. § 2601 *ET SEQ.*
### AS AMENDED BY THE FFFCRA
(FORCED LEAVE WITHOUT PAY)

127.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

128.   As a result of his wife's diagnosis of COVID-19, Defendant Tim Doutrich forced Plaintiff to take two weeks unpaid leave.

129.   Defendant Tim Doutrich had the power to hire and fire Plaintiff.

17

130.   Defendant Tim Doutrich controlled Plaintiff's terms and conditions of employment.

131.   Defendant Tim Doutrich determined Plaintiff's compensation and the rate and method of payment.

132.   Pursuant to the FFCRA, Plaintiff was entitled to be paid for the two weeks Defendant Tim Doutrich required him to stay home.

133.   Defendant Tim Doutrich's actions in forcing Plaintiff to take leave and failing to pay him for the leave violated the Families First Coronavirus Response Act.

**WHEREFORE**, Defendant Tim Doutrich is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III—DEFENDANT PCK
### VIOLATION OF FMLA—29 U.S.C. § 2601 *ET SEQ.*
### AS AMENDED BY THE FFFCRA
(FMLA INTERFERENCE)

134.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

135.   Pursuant to the FMLA, as amended by the FFCRA, Plaintiff was entitled to paid leave for his forced leave of absence related to COVID-19.

136.   Defendant PCK took adverse action that interfered with Plaintiff's right to paid leave under the FFCRA.

137.   Defendant PCK denied Plaintiff his right to paid leave.

138.   Defendant PCK's actions were related to Plaintiff's exercise or attempt to exercise of his FMLA rights.

**WHEREFORE**, Defendant PCK is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT IV—DEFENDANT TIM DOUTRICH
### VIOLATION OF FMLA—29 U.S.C. § 2601 *ET SEQ.*
### AS AMENDED BY THE FFFCRA
(FMLA INTERFERENCE)

139.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

140.   Pursuant to the FMLA, as amended by the FFCRA, Plaintiff was entitled to paid leave for his forced leave of absence related to COVID-19.

141.   Defendant Tim Doutrich took adverse action that interfered with Plaintiff's right to paid leave under the FFCRA.

142.   Defendant Tim Doutrich denied Plaintiff his right to paid leave.

143.   Defendant Tim Doutrich's actions were related to Plaintiff's exercise or attempt to exercise of his FMLA rights.

144.    Defendant Tim Doutrich had the power to hire and fire Plaintiff.

145.    Defendant Tim Doutrich controlled Plaintiff's terms and conditions of employment.

146.    Defendant Tim Doutrich determined Plaintiff's compensation and the rate and method of payment.

**WHEREFORE**, Defendant Tim Doutrich is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT V—DEFENDANT PCK
### VIOLATION OF FMLA—29 U.S.C. § 2601 *ET SEQ.*
### AS AMENDED BY THE FFFCRA
(FMLA RETALIATION)

147.    The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

148.    Pursuant to the FMLA, as amended by the FFCRA, Plaintiff was entitled to paid leave for his forced leave of absence related to COVID-19.

149.    Plaintiff engaged in a protected activity—requesting paid medical leave for his forced absence pursuant to the FFCRA.

150.    Defendant PCK, through its agents Defendant Tim Doutrich and Doan, retaliated against Plaintiff by denying him paid leave, contacting his physician demanding personal medical information and threatening Plaintiff.

151.   Defendant PCK took a materially adverse action against Plaintiff by forcing him to take unpaid leave and threatening him.

152.   There exists a causal connection between Plaintiff's protected activity and the adverse action taken by Defendant PCK.

**WHEREFORE**, Defendant PCK is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT VI—DEFENDANT TIM DOUTRICH
### VIOLATION OF FMLA—29 U.S.C. § 2601 ET SEQ.
### AS AMENDED BY THE FFCRA
(FMLA RETALIATION)

153.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

154.   Pursuant to the FMLA, as amended by the FFCRA, Plaintiff was entitled to paid leave for his forced leave of absence related to COVID-19.

155.   Plaintiff engaged in a protected activity—requesting paid medical leave for his forced absence pursuant to the FFCRA.

156.   Defendant Tim Doutrich retaliated against Plaintiff by denying him paid leave, contacting his physician demanding personal medical information and threatening Plaintiff.

157.   Defendant Tim Doutrich took a materially adverse action against Plaintiff by forcing him to take unpaid leave.

158.   There exists a causal connection between Plaintiff's protected activity and the adverse action taken by Defendant Tim Doutrich.

**WHEREFORE**, Defendant Tim Doutrich is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT VII—DEFENDANT PCK
### VIOLATION OF THE FLSA--29 U.S.C. §§ 201, *et seq.*
(FAILURE TO PAY OVERTIME)

159.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

160.   Plaintiff was employed full-time by Defendant PCK in a sales capacity.

161.   Plaintiff worked an average of 60-70 hours per week.

162.   At all times, Defendant PCK had actual knowledge of all hours worked by Plaintiff.

163.   As a salesperson, Plaintiff's primary duty was making sales, designing kitchens, and/or obtaining orders or contracts for services.

164.   In performance of his duties, Plaintiff spent more than 50% of his time working from Defendant PCK's place of business.

165.   Plaintiff was not customarily and regularly engaged away from Defendant PCK's place of business.

166.   Plaintiff's job duties were not directly related to the management or general business operations of Defendant PCK.

167.   Plaintiff did not exercise discretion and independent judgement with respect to matters of significance.

168.   Based on his job duties, Plaintiff was entitled to receive overtime pay pursuant to the FLSA.

169.   Defendant PCK failed to pay Plaintiff the overtime pay due him.

170.   Plaintiff was not compensated on a salary basis of at least $684.00 per week.

171.   Based on his job duties, Plaintiff was entitled to receive overtime pay pursuant to the FLSA.

172.   Pursuant to the FLSA, employers must pay employees such as Plaintiff for hours worked in excess of 40 per week at an overtime hourly rate not less than 1.5 times the employee's regular rate of pay.

173.   From March 2020 through his termination in March 2021, Defendant PCK failed to pay Plaintiff overtime wages for overtime worked by him in excess of 40 hours per week at a rate in compliance with the FLSA overtime compensation mandate.

174.   Defendant PCK's action as described above violated the FLSA.

175.   The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA.

**WHEREFORE**, Defendant PCK is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT VIII—DEFENDANT RUTH DOUTRICH
### VIOLATION OF THE FLSA--29 U.S.C. §§ 201, *et seq.*
### (FAILURE TO PAY OVERTIME)

176.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

177.   At all times relevant to this action, Defendant Ruth Doutrich was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

178.   At all times, Defendant Ruth Doutrich had actual knowledge of all hours worked by Plaintiff.

179.   Under the FLSA, the definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

180.   At all times relevant to this action, Defendant Ruth Doutrich qualified as Plaintiff's employer as defined by the FLSA.

181.   Under the FLSA, an individual may be liable for unpaid wages and overtime if they exercise significant control over the company's operations.

182.   At all times relevant to this action, Defendant Ruth Doutrich had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

183.   From March 2020 through his termination in March 2021, Defendant Ruth Doutrich failed to pay Plaintiff overtime wages for overtime worked by him in excess of 40 hours per week at a rate in compliance with the FLSA overtime compensation mandate.

184.   Defendant Ruth Doutrich's action as described above violated the FLSA.

185.   The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA.

**WHEREFORE**, Defendant Ruth Doutrich is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT IX—DEFENDANT TIM DOUTRICH
### VIOLATION OF THE FLSA--29 U.S.C. §§ 201, *et seq*.
#### (FAILURE TO PAY OVERTIME)

186.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

187.   At all times relevant to this action, Defendant Tim Doutrich was Defendant PCK's Secretary and a PCK shareholder.

188.   At all times, Defendant Tim Doutrich had actual knowledge of all hours worked by Plaintiff.

189.   Under the FLSA, the definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

190.   At all times relevant to this action, Defendant Tim Doutrich qualified as Plaintiff's employer as defined by the FLSA.

191.   Under the FLSA, an individual may be liable for unpaid wages and overtime if they exercise significant control over the company's operations.

192.   At all times relevant to this action, Defendant Tim Doutrich had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

193.   From March 2020 through his termination in March 2021, Defendant Tim Doutrich failed to pay Plaintiff overtime wages for overtime worked by him in excess of 40 hours per week at a rate in compliance with the FLSA overtime compensation mandate.

194.   Defendant Tim Doutrich's action as described above violated the FLSA.

195.   The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA.

**WHEREFORE**, Defendant Tim Doutrich is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT X—DEFENDANT CHARLES ROTH
### VIOLATION OF THE FLSA--29 U.S.C. §§ 201, *et seq.*
(FAILURE TO PAY OVERTIME)

196.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

197.   At all times relevant to this action, Defendant Charles Roth was a Director of Defendant PCK, as well as its accountant.

198.   At all times, Defendant Charles Roth had actual knowledge of all hours worked by Plaintiff.

199.   Under the FLSA, the definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

200.   At all times relevant to this action, Defendant Charles Roth qualified as Plaintiff's employer as defined by the FLSA.

201.   Under the FLSA, an individual may be liable for unpaid wages and overtime if they exercise significant control over the company's operations.

202.   At all times relevant to this action, Defendant Charles Roth had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

203.   From March 2020 through his termination in March 2021, Defendant Charles Roth failed to pay Plaintiff overtime wages for overtime worked by him in excess of 40 hours per week at a rate in compliance with the FLSA overtime compensation mandate.

204.   Defendant Charles Roth's action as described above violated the FLSA.

205.   The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA.

**WHEREFORE**, Defendant Charles Roth is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XI—DEFENDANT PCK
### VIOLATION OF THE FLSA—29 U.S.C. §§ 201, *et seq.*
(RETALIATION)

28

206.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

207.   Plaintiff engaged in statutorily protected conduct under the FLSA by questioning the amount of his compensation.

208.   As a result of his wage-related complaint, Defendant PCK took adverse actions against him, by way of instituting retaliatory policies directed towards him, disciplining him, reducing his compensation, and ultimately terminating him.

209.   A causal link exists between Plaintiff's conduct and the adverse employment actions taken against him.

210.   The FLSA prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has lodged a wage complaint.

211.   Defendant PCK's actions as described above violated the FLSA's prohibition against retaliation.

212.   The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA.

**WHEREFORE**, Defendant PCK is liable to Plaintiff for unpaid wages in an amount to be proven at trial, backpay, front pay, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

29

## COUNT XII—DEFENDANT RUTH DOUTRICH
## VIOLATION OF THE FLSA—29 U.S.C. §§ 201, *et seq.*
(RETALIATION)

213.    The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

214.    At all times relevant to this action, Defendant Ruth Doutrich was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

215.    At all times, Defendant Ruth Doutrich had actual knowledge of all hours worked by Plaintiff.

216.    Under the FLSA, the definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

217.    Under the FLSA, an individual may be liable for retaliation under the FLSA.

218.    At all times relevant to this action, Defendant Ruth Doutrich had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

219.    At all times relevant to this action, Defendant Ruth Doutrich qualified as Plaintiff's employer as defined by the FLSA.

220.    Plaintiff engaged in statutorily protected conduct under the FLSA by questioning the amount of his compensation.

221.   As a result of his wage-related complaint, Defendant Ruth Doutrich took adverse actions against him, by way of instituting retaliatory policies directed towards him, disciplining him, reducing his compensation, and ultimately terminating him.

222.   A causal link exists between Plaintiff's conduct and the adverse employment actions taken against him.

223.   The FLSA prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has lodged a wage complaint.

224.   Defendant Ruth Doutrich's actions as described above violated the FLSA's prohibition against retaliation.

225.   The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA.

**WHEREFORE**, Defendant Ruth Doutrich is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, backpay, front pay, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XIII—DEFENDANT TIM DOUTRICH
### VIOLATION OF THE FLSA—29 U.S.C. §§ 201, *et seq.*
(RETALIATION)

31

226.    The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

227.    At all times relevant to this action, Defendant Tim Doutrich was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

228.    At all times, Defendant Tim Doutrich had actual knowledge of all hours worked by Plaintiff.

229.    Under the FLSA, the definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

230.    Under the FLSA, an individual may be liable for retaliation under the FLSA.

231.    At all times relevant to this action, Defendant Tim Doutrich had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

232.    At all times relevant to this action, Defendant Tim Doutrich qualified as Plaintiff's employer as defined by the FLSA.

233.    Plaintiff engaged in statutorily protected conduct under the FLSA by questioning the amount of his compensation.

234.    As a result of his wage-related complaint, Defendant Tim Doutrich took adverse actions against him, by way of instituting retaliatory policies directed

towards him, disciplining him, reducing his compensation, and ultimately terminating him.

235.   A causal link exists between Plaintiff's conduct and the adverse employment actions taken against him.

236.   The FLSA prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has lodged a wage complaint.

237.   Defendant Tim Doutrich's actions as described above violated the FLSA's prohibition against retaliation.

238.   The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA.

**WHEREFORE**, Defendant Tim Doutrich is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, backpay, front pay, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XIV—DEFENDANT CHARLES ROTH
### VIOLATION OF THE FLSA—29 U.S.C. §§ 201, *et seq*.
(RETALIATION)

239.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

33

240.   At all times relevant to this action, Defendant Charles Roth was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

241.   At all times, Defendant Charles Roth had actual knowledge of all hours worked by Plaintiff.

242.   Under the FLSA, the definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

243.   Under the FLSA, an individual may be liable for retaliation under the FLSA.

244.   At all times relevant to this action, Defendant Charles Roth had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

245.   At all times relevant to this action, Defendant Charles Roth qualified as Plaintiff's employer as defined by the FLSA.

246.   Plaintiff engaged in statutorily protected conduct under the FLSA by questioning the amount of his compensation.

247.   As a result of his wage-related complaint, Defendant Charles Roth took adverse actions against him, by way of instituting retaliatory policies directed towards him, disciplining him, reducing his compensation, and ultimately terminating him.

248.   A causal link exists between Plaintiff's conduct and the adverse employment actions taken against him.

249.   The FLSA prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has lodged a wage complaint.

250.   Defendant Charles Roth's actions as described above violated the FLSA's prohibition against retaliation.

251.   The foregoing conduct, as alleged above, constitutes a willful violation of the FLSA.

**WHEREFORE**, Defendant Charles Roth is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, backpay, front pay, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XV—DEFENDANT PCK
### VIOLATION OF THE PA MINIMUM WAGE ACT—43 P.S. §§333.101
(FAILURE TO PAY OVERTIME)

252.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

253.   Plaintiff was employed full-time by Defendant PCK in a sales capacity.

254.   Plaintiff worked an average of 60-70 hours per week.

255.   At all times, Defendant PCK had actual knowledge of all hours worked by Plaintiff.

256.   As a salesperson, Plaintiff's primary duty was making sales, designing kitchens, and/or obtaining orders or contracts for services.

257.   In performance of his duties, Plaintiff spent more than 50% of his time working from Defendant PCK's place of business.

258.   Plaintiff was not customarily and regularly engaged away from Defendant PCK's place of business.

259.   Plaintiff's job duties were not directly related to the management or general business operations of Defendant PCK.

260.   Plaintiff did not exercise discretion and independent judgement with respect to matters of significance.

261.   Plaintiff was not compensated on a salary basis of at least $684.00 per week.

262.   Based on his job duties, Plaintiff was entitled to receive overtime pay pursuant to the Pennsylvania Minimum Wage Act.

263.   Defendant PCK failed to pay Plaintiff overtime pay due him.

264.   Pursuant to the Pennsylvania Minimum Wage Act, employers must pay employees such as Plaintiff for hours worked in excess of 40 per week at an overtime hourly rate not less than 1.5 times the employee's regular rate of pay.

265.   From March 2020 through his termination in March 2021, Defendant PCK failed to pay Plaintiff overtime wages for overtime worked by him in excess of 40 hours per week at a rate in compliance with the Pennsylvania Minimum Wage Act's overtime compensation mandate.

266.   Defendant PCK's action as described above violated the Pennsylvania Minimum Wage Act.

267.   The foregoing conduct, as alleged above, constitutes a willful violation of the Pennsylvania Minimum Wage Act.

**WHEREFORE**, Defendant PCK is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XVI—DEFENDANT RUTH DOUTRICH
### VIOLATION OF THE PA MINIMUM WAGE ACT—43 P.S. §§333.101
(FAILURE TO PAY OVERTIME)

268.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

269.   At all times relevant to this action, Defendant Ruth Doutrich was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

270.   At all times, Defendant Ruth Doutrich had actual knowledge of all hours worked by Plaintiff.

271.   Under the Pennsylvania Minimum Wage Act, the definition of "employer" includes "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe."

272.   At all times relevant to this action, Defendant Ruth Doutrich qualified as Plaintiff's employer as defined by the Pennsylvania Minimum Wage Act.

273.   Under the Pennsylvania Minimum Wage Act, an individual may be liable for unpaid wages and overtime if they exercise significant control over the company's operations.

274.   At all times relevant to this action, Defendant Ruth Doutrich had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

275.   From March 2020 through his termination in March 2021, Defendant Ruth Doutrich failed to pay Plaintiff overtime wages for overtime worked by him in excess of 40 hours per week at a rate in compliance with the Pennsylvania Minimum Wage Act's overtime compensation mandate.

276.   Defendant Ruth Doutrich's action as described above violated the Pennsylvania Minimum Wage Act.

277.   The foregoing conduct, as alleged above, constitutes a willful violation of the Pennsylvania Minimum Wage Act.

**WHEREFORE**, Defendant Ruth Doutrich is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XVII—DEFENDANT TIM DOUTRICH
### VIOLATION OF THE PA MINIMUM WAGE ACT—43 P.S. §§333.101
(FAILURE TO PAY OVERTIME)

278.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

279.   At all times relevant to this action, Defendant Tim Doutrich was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

280.   At all times, Defendant Tim Doutrich had actual knowledge of all hours worked by Plaintiff.

281.   Under the Pennsylvania Minimum Wage Act, the definition of "employer" includes "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe."

282.   At all times relevant to this action, Defendant Tim Doutrich qualified as Plaintiff's employer as defined by the Pennsylvania Minimum Wage Act.

283.   Under the Pennsylvania Minimum Wage Act, an individual may be liable for unpaid wages and overtime if they exercise significant control over the company's operations.

284.   At all times relevant to this action, Defendant Tim Doutrich had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

285.   From March 2020 through his termination in March 2021, Defendant Tim Doutrich failed to pay Plaintiff overtime wages for overtime worked by him in excess of 40 hours per week at a rate in compliance with the Pennsylvania Minimum Wage Act's overtime compensation mandate.

286.   Defendant Tim Doutrich's action as described above violated the Pennsylvania Minimum Wage Act.

287.   The foregoing conduct, as alleged above, constitutes a willful violation of the Pennsylvania Minimum Wage Act.

**WHEREFORE**, Defendant Tim Doutrich is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable

attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XVIII—DEFENDANT CHARLES ROTH
### VIOLATION OF THE PA MINIMUM WAGE ACT—43 P.S. §§333.101
(FAILURE TO PAY OVERTIME)

288.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

289.   At all times relevant to this action, Defendant Charles Roth was an agent and/or officer of Defendant PCK and acted directly or indirectly in the interest of Defendant PCK.

290.   At all times, Defendant Charles Roth had actual knowledge of all hours worked by Plaintiff.

291.   Under the Pennsylvania Minimum Wage Act, the definition of "employer" includes "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe."

292.   At all times relevant to this action, Defendant Charles Roth qualified as Plaintiff's employer as defined by the Pennsylvania Minimum Wage Act.

293.   Under the Pennsylvania Minimum Wage Act, an individual may be liable for unpaid wages and overtime if they exercise significant control over the company's operations.

294.   At all times relevant to this action, Defendant Charles Roth had the power and authority to set and determine Plaintiff's rate of pay, method of compensation and other terms and conditions of employment.

295.   From March 2020 through his termination in March 2021, Defendant Charles Roth failed to pay Plaintiff overtime wages for overtime worked by him in excess of 40 hours per week at a rate in compliance with the Pennsylvania Minimum Wage Act's overtime compensation mandate.

296.   Defendant Charles Roth's action as described above violated the Pennsylvania Minimum Wage Act.

297.   The foregoing conduct, as alleged above, constitutes a willful violation of the Pennsylvania Minimum Wage Act.

**WHEREFORE**, Defendant Charles Roth is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XIX—DEFENDANT PCK
### VIOLATION OF THE PA WAGE PAYMENT AND COLLECTION LAW
### 43 PA.C.S. §260.1, *ET SEQ.*

298.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

299.   Under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), the term "employer" includes "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of the above-mentioned classes employing any person in this Commonwealth."  43 Pa C.S. § 260.2a.

300.   Defendant PCK is an employer for purposes of the PWPCL.

301.   Defendant PCK agreed to compensate Plaintiff on a commission basis for sales made.

302.   At the time of his termination, numerous projects which Plaintiff sold had been substantially completed, and/or in the process of completion.

303.   Plaintiff invested thousands of hours selling and servicing these projects over the course of approximately the prior 18 months yet was not compensated for the work performed by him.

304.   The work performed by Plaintiff in selling and servicing these accounts and compensation due constitutes earned wages of Plaintiff.

305.   "Wages" for purposes of the PWPCL include "all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation …"  43 Pa C.S. § 260.2a.

306.   Plaintiff's unpaid commissions constitute wages as defined under the PWPCL.

43

307.   Pursuant to the PWPCL, Plaintiff has contractual entitlement to compensation for his commissions.

308.   Pursuant to the PWPCL, "[w]henever an employer separates an employe[e] from the payroll, or whenever an employe[e] quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable."  43 Pa C.S. § 260.3.

309.   Defendant PCK has failed to pay Plaintiff commissions owed to him since his termination in March 2021.

310.   Defendant PCK's aforementioned actions constitute a violation of the PWPCL.

311.   Defendant PCK deducted from Plaintiff's wages amounts for an alleged overpayment error.

312.   Plaintiff did not authorize Defendant PCK's deduction from his wages.

313.   Defendant PCK's deductions from his wages are impermissible under the PWPCL.

314.   Pursuant to the PWPCL, Plaintiff is entitled to liquidated damages in the amount of 25% of the total wages due or $500.00, whichever is greater, as well as payment for his attorneys' fees.

**WHEREFORE**, Defendant PCK is liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XX—DEFENDANT RUTH DOUTRICH
### VIOLATION OF THE PA WAGE PAYMENT AND COLLECTION LAW
### 43 PA.C.S. §260.1, *ET SEQ.*

315.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

316.   Under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), the term "employer" includes "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of the above-mentioned classes employing any person in this Commonwealth."  43 Pa C.S. § 260.2a.

317.   Defendant Ruth Doutrich is an employer for purposes of the PWPCL.

318.   Defendant agreed to compensate Plaintiff on a commission basis for sales made.

319.   At the time of his termination, numerous projects which Plaintiff sold had been substantially completed, and/or in the process of completion.

45

320. Plaintiff invested thousands of hours selling and servicing these projects over the course of approximately the prior 18 months yet was not compensated for the work performed by him.

321. The work performed by Plaintiff in selling and servicing these accounts and compensation due constitutes earned wages of Plaintiff.

322. "Wages" for purposes of the PWPCL include "all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation …" 43 Pa C.S. § 260.2a.

323. Plaintiff's unpaid commissions constitute wages as defined under the PWPCL.

324. Pursuant to the PWPCL, Plaintiff has contractual entitlement to compensation for his commissions.

325. Pursuant to the PWPCL, "[w]henever an employer separates an employe[e] from the payroll, or whenever an employe[e] quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." 43 Pa C.S. § 260.3.

326. Defendant has failed to pay Plaintiff commissions owed to him since his termination in March 2021.

327.   Defendant's aforementioned actions constitute a violation of the PWPCL.

328.   Defendant deducted from Plaintiff's wages amounts for an alleged overpayment error.

329.   Plaintiff did not authorize Defendant's deduction from his wages.

330.   Defendant's deductions from his wages are impermissible under the PWPCL.

331.   Pursuant to the PWPCL, Plaintiff is entitled to liquidated damages in the amount of 25% of the total wages due or $500.00, whichever is greater, as well as payment for his attorneys' fees.

**WHEREFORE**, Defendant Ruth Doutrich is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XXI—DEFENDANT TIM DOUTRICH
### VIOLATION OF THE PA WAGE PAYMENT AND COLLECTION LAW
### 43 PA.C.S. §260.1, *ET SEQ.*

332.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

333.   Under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), the term "employer" includes "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of the above-mentioned classes employing any person in this Commonwealth."  43 Pa C.S. § 260.2a.

334.   Defendant Tim Doutrich is an employer for purposes of the PWPCL.

335.   Defendant agreed to compensate Plaintiff on a commission basis for sales made.

336.   At the time of his termination, numerous projects which Plaintiff sold had been substantially completed, and/or in the process of completion.

337.   Plaintiff invested thousands of hours selling and servicing these projects over the course of approximately the prior 18 months yet was not compensated for the work performed by him.

338.   The work performed by Plaintiff in selling and servicing these accounts and compensation due constitutes earned wages of Plaintiff.

339.   "Wages" for purposes of the PWPCL include "all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation …"  43 Pa C.S. § 260.2a.

340.   Plaintiff's unpaid commissions constitute wages as defined under the PWPCL.

341.   Pursuant to the PWPCL, Plaintiff has contractual entitlement to compensation for his commissions.

342.   Pursuant to the PWPCL, "[w]henever an employer separates an employe[e] from the payroll, or whenever an employe[e] quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." 43 Pa C.S. § 260.3.

343.   Defendant has failed to pay Plaintiff commissions owed to him since his termination in March 2021.

344.   Defendant's aforementioned actions constitute a violation of the PWPCL.

345.   Defendant deducted from Plaintiff's wages amounts for an alleged overpayment error.

346.   Plaintiff did not authorize Defendant's deduction from his wages.

347.   Defendant's deductions from his wages are impermissible under the PWPCL.

348.   Pursuant to the PWPCL, Plaintiff is entitled to liquidated damages in the amount of 25% of the total wages due or $500.00, whichever is greater, as well as payment for his attorneys' fees.

**WHEREFORE**, Defendant Tim Doutrich is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT XXII—DEFENDANT CHARLES ROTH
## VIOLATION OF THE PA WAGE PAYMENT AND COLLECTION LAW
## 43 PA.C.S. §260.1, *ET SEQ.*

349.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

350.   Under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), the term "employer" includes "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of the above-mentioned classes employing any person in this Commonwealth."  43 Pa C.S. § 260.2a.

351.   Defendant Charles Roth is an employer for purposes of the PWPCL.

352.   Defendant agreed to compensate Plaintiff on a commission basis for sales made.

353.   At the time of his termination, numerous projects which Plaintiff sold had been substantially completed, and/or in the process of completion.

354.   Plaintiff invested thousands of hours selling and servicing these projects over the course of approximately the prior 18 months yet was not compensated for the work performed by him.

355.   The work performed by Plaintiff in selling and servicing these accounts and compensation due constitutes earned wages of Plaintiff.

356.   "Wages" for purposes of the PWPCL include "all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation …" 43 Pa C.S. § 260.2a.

357.   Plaintiff's unpaid commissions constitute wages as defined under the PWPCL.

358.   Pursuant to the PWPCL, Plaintiff has contractual entitlement to compensation for his commissions.

359.   Pursuant to the PWPCL, "[w]henever an employer separates an employe[e] from the payroll, or whenever an employe[e] quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." 43 Pa C.S. § 260.3.

360.   Defendant has failed to pay Plaintiff commissions owed to him since his termination in March 2021.

361.   Defendant's aforementioned actions constitute a violation of the PWPCL.

362.   Defendant deducted from Plaintiff's wages amounts for an alleged overpayment error.

363.   Plaintiff did not authorize Defendant's deduction from his wages.

364.   Defendant's deductions from his wages are impermissible under the PWPCL.

365.   Pursuant to the PWPCL, Plaintiff is entitled to liquidated damages in the amount of 25% of the total wages due or $500.00, whichever is greater, as well as payment for his attorneys' fees.

**WHEREFORE**, Defendant Charles Roth is individually liable to Plaintiff for unpaid wages in an amount to be proven at trial, plus an equal amount as liquidated damages, plus interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT XXII—DEFENDANT PCK
### UNJUST ENRICHMENT

366.   The paragraphs set forth above are hereby incorporated by reference as though the same were fully set forth at length herein.

367.   Through its retention of Plaintiff's commissions which he earned through his efforts, Defendant PCK has received a benefit to which it was not entitled.

368.   Defendant PCK had, and has, no legitimate entitlement to Plaintiff's earned commissions.

369.   Defendant PCK's taking and retention of this benefit is both inequitable and unjust.

370.   As a direct and proximate result of Defendant PCK's unjust enrichment, Plaintiff has suffered substantial damages and will continue to suffer substantial damages absent Court intervention.

371.   Defendant's actions have been willful and outrageous and undertaken with reckless indifference to the rights of Plaintiff.

**WHEREFORE**, Defendant PCK is liable to Plaintiff for the amount of his unpaid commissions in an amount to be proven at trial, and any other and further relief this Court deems appropriate.

Respectfully submitted,

SAXTON & STUMP

Dated: July 14, 2021                    By:  */s/ Richard L. Hackman*
                                        Richard L. Hackman, Esquire
                                        Attorney I.D. No. 81755
                                        Katy S. Landis, Esq.
                                        Attorney I.D. No. 318934
                                        280 Granite Run Drive, Suite 300
                                        Lancaster, PA 17601
                                        Phone: (717) 556-1006
                                        rlh@saxtonstump.com

                                        *Attorneys for Plaintiff John L. Wenger*